## Illinois Third Vein Coal Company v. Telesfero Cioni.

### Gen. No. 4,350.

1. ASSUMED RISKS—*what are not.* A servant cannot be held to have assumed the risk of the negligence of another servant with whom he was in no way associated, and with whose duties he was unacquainted, nor to have assumed the risk that the master would not properly and safely operate the apparatus by which such servant was conveyed to his work.

2. FELLOW-SERVANTS—*who are not.* Co-employes are not fellow-servants if they are in no way associated, and if they are unacquainted with the duties, each of the other.

Action on the case for personal injuries. Appeal from the Circuit Court of Bureau County; the Hon. R. M. SKINNER, Judge, presiding. Heard in this court at the April term, 1904. Affirmed. Opinion filed August 24, 1904.

ALFRED R. GREENWOOD, for appellant.

WATTS A. JOHNSON, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

This is an action on the case brought by Telesfero Cioni against his employer, the coal company, to recover dam-

ages for an injury which he received in attempting to
alight from its cage, at the bottom of its coal shaft, as he
descended to work as a coal miner on the morning of No-
vember 13, 1902. He lost his right arm, was in a hospital
many weeks, suffered pain, was incapacitated for labor,
and recovered $3,000 damages, which is not questioned as
excessive in argument here. The cage was controlled at
the bottom of the shaft by John Baxter, who was in the
employ of defendant as bottom cager. The cage was
double-decked. When the coal miners went to work they
entered the cage at the top, and were then lowered by the
operation of a steam engine at the top controlled by an
engineer acting pursuant to signals from the top cager. If
the men were on the bottom floor of the cage, it was the
duty of the bottom cager to raise a lever at his post of
duty by which lever stops were thrown out into the shaft,
upon which stops the cage was to rest while the men
alighted from the lower deck of the cage. It was neces-
sary that this lever should be held in that position till the
men alighted. If the men were on the upper deck of the
cage the bottom cager did not touch the lever, but the
lower part of the cage descended into a pit below the land-
ing place, and stopped upon stationary cage rests there
provided, about six feet below the landing. If, while the
lower deck stood at the landing, the lever was permitted
to fall, the stops would no longer remain under the cage,
and the cage would drop down till it came upon the rests
as the upper deck reached the landing. The record shows
clearly that it was not only the bottom cager's duty to
raise the lever and thereby put the stops into the shaft and
keep them there till the cage rested on them and stopped,
but also to keep the stops there till the men on the lower
deck got off the cage. On the morning in question, ten or
twelve miners, including plaintiff, entered the lower deck
of the cage and were lowered to the bottom, and Baxter
raised the lever, but instead of holding it in place with his
hands, he put a stick of wood under it, and the cage rested
a short time on the stops. Then it seems the cage raised

up slightly, and Baxter not having hold of the lever, the temporary release of the weight on the stops caused the stick to fall out, the lever to fall, and the stops to fall back from the shaft, and the cage, which weighed three tons or more, fell quickly to the rests below. Plaintiff was at that instant in the act of stepping off the cage. He remained inside and went down with the cage, but his arm was caught between the cage and the side of the shaft, and was broken.

It is argued that plaintiff was not in the exercise of ordinary care for his own safety; that he was guilty of contributory negligence; that if the injury was due to the negligence of Baxter, he and plaintiff were fellow-servants, and that the master is not liable for an injury to an employee caused by the negligence of a fellow-servant; and that plaintiff assumed the risk of such injury when he entered and remained in this employment. The position that plaintiff did not exercise ordinary care and was guilty of contributory negligence rests upon testimony that the cage did not stop at all, but that upon striking upon the stops the cage instantly bounded up, the stops fell back and the cage went to the bottom of the hole, and that plaintiff attempted to get off while the cage was in motion. There is, however, a clear preponderance of evidence that the cage did come to an entire stop, and that several men in front of plaintiff got off while it stood still. The proof shows it was not customary to give the miners any signal to get off, but when the cage stopped at the landing then they were accustomed to step off, and were expected by their superiors to do so. The verdict is a finding that plaintiff was exercising due care and was not guilty of negligence contributing to his injury. This finding appears to be supported by the preponderance of the evidence. The proof shows that plaintiff, (who could not speak English) and the other miners as well, were ignorant of the manner in which the cage was operated, and how it was kept in place while they got off the lower deck. They were never called upon to operate the cage. It was wholly outside their

duties. Its movement at the bottom was wholly in charge of the bottom cager, and we are of opinion he and plaintiff were not fellow-servants. If Baxter had retained his hold upon the lever the cage would not have fallen. The master undertook to lower these miners, and we fail to see how plaintiff can be said to have assumed the risk that the person the master employed to attend to that part of that duty which was to be performed at the bottom would be careless. While Baxter had on prior occasions put a stick of wood under the lever to hold it up, it does not appear that plaintiff knew that fact, or knew why he did it, or knew what held the cage in place while the men alighted from the lower deck. We are of opinion plaintiff did not assume the risk of the negligence of another servant with whom he was in no way associated and with whose duties he was unacquainted, and did not assume the risk that defendant would not properly and safely operate the apparatus by which the cage was lowered. We conclude plaintiff has a cause of action, and the judgment is therefore affirmed.

*Affirmed.*